RALPH A. ZAPPALA, SBN 102052
ERIN S. SANCHEZ, SBN 238450
BUSBY ZAPPALA & SANCHEZ LLP
251 Lafayette Circle, Suite 350
Lafayette, CA 94549
Telephone: (925) 299-9600
Facsimile:   (925) 299-9608
rzappala@bzlawllp.com
esanchez@bzlawllp.com

Attorneys for Plaintiff
MOUNTAIN SUMMIT FINANCIAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTAIN SUMMIT FINANCIAL, INC. <br><br> Plaintiffs, <br><br> v. <br><br> PANGEA PAYMENT SOLUTIONS and ZIPMARK, INC. <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Mountain Summit Financial, Inc. ("MSF"), by and through counsel, states the following in support of its Complaint against Defendants Pangea Payment Solutions ("Pangea") and Zipmark, Inc. ("Zipmark"):

**PARTIES**

1. MSF is a tribal lending entity wholly owned by the Habematolel Pomo of Upper Lake ("Tribe"), a federally-recognized sovereign Indian Nation, and created under the laws of the Tribe. MSF's principal place of business is located on the Tribe's land located near Upper Lake, California.

2. On information and belief, Pangea is a Canadian entity with its principal place of business in Ontario, Canada.

3. Zipmark is a Delaware corporation with its principal place of business in New York.

## JURISDICTION

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because this dispute involves citizens of different states and more than $75,000 is in controversy.

## INTRADISTRICT ASSIGNMENT

5. This action arises out of Lake County, California and is therefore properly assigned to the Eureka Division pursuant to Local Rule 3-2(f).

## FACTUAL ALLEGATIONS

6. Pangea is a processor of automated clearing house credit and debit transactions.

7. Zipmark provides an electronic platform for users to make payment disbursements.

8. Golden Valley Lending, Inc. ("GVL"), Majestic Lake Financial, Inc. ("MLF"), and Silver Cloud Financial, Inc. ("SCF") are also tribal lending entities that are wholly owned by the Tribe and created under the laws of the Tribe.  GVL, MLF, and SCF's principle places of business are located on the Tribe's land located near Upper Lake, California.

9. MSF, GVL, MLF and SCF (collectively referred to as "Lenders") contracted with Pangea and Zipmark to assist the Lenders in their short-term lending business operations.

10. The Lenders fully complied with all material provisions of their contracts with Pangea and Zipmark.

11. Pangea and Zipmark required the Lenders to fund a settlement account under the control of Pangea and Zipmark for use in the provision of services to the Lenders.

12. Pangea and Zipmark required the settlement account to offset any credit or debit entries required in furtherance of the Lenders' short-term lending operations.

13. The contracts' termination provisions specified that the settlement account would be maintained by Pangea and Zipmark after termination of the contracts for a limited period of time to offset any final credits or debits.

14. The Lenders have not used Pangea's and Zipmark's services since June of 2016.

15. The Lenders demanded on multiple occasions that Pangea and Zipmark return the settlement account funds to the Lenders.

16. At the time of each demand there were no pending credits or debits that required the use of the funds in the settlement account.

17. The Lenders provided final written notice to Pangea and Zipmark – at the latest – on or about September 21, 2018 that the Lenders had terminated its contracts with Pangea and Zipmark and again demanded return of the Lenders' funds still in the possession of Pangea and/or Zipmark.

18. An amount not less than $107,451.68 remains in the settlement account under the control of Pangea and/or Zipmark.

19. Zipmark acknowledged that the Lenders were entitled to a full return of the Lenders' funds still in Pangea's and/or Zipmark's possession.

20. GVL, MLF and SCF assigned their claims against Pangea and Zipmark arising from and related to the contracts with Pangea and Zipmark to MSF.

21. Pangea and Zipmark failed and continue to fail to return to the Lenders all funds belonging to them that are still in possession of Pangea and/or Zipmark.

## COUNT I
## BREACH OF EXPRESS CONTRACT (PANGEA)

22. MSF incorporates by reference all other allegations as if fully set forth herein.

23. Each of the Lenders entered into a written contract with Pangea.

24. The contracts were supported by consideration in that Pangea agreed to provide services to the Lenders in exchange for the payment of fees to Pangea by the Lenders.

25. The Lenders complied with all material provisions of the contracts including paying the requisite fees and funding the settlement accounts under the control of Pangea as required by Pangea.

26. Pangea agreed to return the settlement account funds to the Lenders at the termination of their respective relationships.

27. Pangea breached each of the contracts with the Lenders by failing and continuing to fail to return the funds belonging to the Lenders.

28. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

29. Furthermore, the Lenders' contracts with Pangea provide for an award of attorney fees and expenses to a prevailing party in any legal action enforcing and/or interpreting the contracts.

30. Pangea's conduct violates the contracts and has forced the Lenders to incur attorney fees and expenses through this lawsuit.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, attorney fees, and costs, and grant such further relief that the Court deems just and proper.

## COUNT II
## BREACH OF EXPRESS CONTRACT (ZIPMARK)

31. MSF incorporates by reference all other allegations as if fully set forth herein.

32. Each of the Lenders entered into a written contract with Zipmark.

33. The contracts were supported by consideration in that Zipmark agreed to provide services to the Lenders in exchange for the payment of fees to Zipmark by the Lenders.

34. The Lenders complied with all material provisions of the contracts including paying the requisite fees and funding the settlement accounts under the control of Zipmark as required by Zipmark.

35. Zipmark agreed to return the Lenders' respective settlement account funds to the Lenders at the termination each of their relationships.

36. Zipmark breached each of the contracts by failing and continuing to fail to return the funds belonging to the Lenders.

37. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## COUNT III
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING (PANGEA)

38. MSF incorporates by reference all other allegations as if fully set forth herein.

39. Each of the Lenders entered into a written contract with Pangea.

40. The contracts were supported by consideration in that Pangea agreed to provide services to the Lenders in exchange for the payment of fees to Pangea by the Lenders.

41. The Lenders complied with all material provisions of the contracts including paying the requisite fees and funding the settlement accounts under the control of Pangea as required by Pangea.

42. The Lenders terminated the contracts with Pangea, but Pangea failed and continues to fail to return the Lenders' funds from the settlement accounts.

43. Pangea's unfair retention of the funds breached the contracts' implied covenant of good faith and fair dealing by unfairly interfering with the Lenders' rights under the contracts.

44. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

45. Furthermore, each of the Lenders' contracts with Pangea provides for an award of attorney fees and expenses to a prevailing party in any legal action enforcing and/or interpreting the contract.

46. Pangea's conduct violates the contracts and has forced the Lenders to incur attorney fees and expenses through this lawsuit.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, attorney fees, and costs, and grant such further relief that the Court deems just and proper.

### COUNT IV
### BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING (ZIPMARK)

47. MSF incorporates by reference all other allegations as if fully set forth herein.

48. Each of the Lenders entered into a written contract with Zipmark.

49. The contracts were supported by consideration in that Zipmark agreed to provide services to the Lenders in exchange for the payment of fees to Zipmark by the Lenders.

50. The Lenders complied with all material provisions of the contracts including paying the requisite fees and funding the settlement accounts under the control of Zipmark as required by Zipmark.

51. The Lenders terminated the contracts with Zipmark, but Zipmark failed and continues to fail to return the Lenders' funds from the settlement accounts.

52. Zipmark's unfair retention of the funds breached the contracts' implied covenant of good faith and fair dealing by unfairly interfering with the Lenders' rights under the contracts.

53. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

### COUNT V
### MONEY HAD AND RECEIVED (PANGEA)

54. MSF incorporates by reference all other allegations as if fully set forth herein.

55. Pangea received an amount not less than $107,451.68 from or on behalf of the Lenders intended to be used for the benefit of the Lenders.

56. Pangea is not using that money for the benefit of the Lenders.

57. Pangea has not returned the money to the Lenders.

58. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## COUNT VI
## MONEY HAD AND RECEIVED (ZIPMARK)

59. MSF incorporates by reference all other allegations as if fully set forth herein.

60. Zipmark received an amount not less than $107,451.68 from or on behalf of the Lenders intended to be used for the benefit of the Lenders.

61. Zipmark is not using that money for the benefit of the Lenders.

62. Zipmark has not returned the money to the Lenders.

63. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## COUNT VII
## UNJUST ENRICHMENT (PANGEA)

64. MSF incorporates by reference all other allegations as if fully set forth herein.

65. Each of the Lenders provided a benefit to Pangea by utilizing Pangea's services, paying Pangea fees, and maintaining the settlement accounts with Pangea.

66. The Lenders ceased utilizing Pangea's services and notified Pangea that the Lenders would no longer be utilizing Pangea's services.

67. Pangea unjustly retained and continues to unjustly retain the Lenders' funds in the settlement account.

68. Pangea has been and continues to be unjustly enriched by refusing to return to the Lenders their respective funds in the settlement accounts.

69. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## COUNT VIII
## UNJUST ENRICHMENT (ZIPMARK)

70. MSF incorporates by reference all other allegations as if fully set forth herein.

71. The Lenders provided a benefit to Zipmark by utilizing Zipmark's services, paying Zipmark's fees, and maintaining the settlement accounts with Zipmark.

72. The Lenders ceased utilizing Zipmark's services and notified Zipmark that the Lenders would no longer be utilizing Zipmark's services.

73. Zipmark unjustly retained and continues to unjustly retain the Lenders' funds in the settlement accounts.

74. Zipmark has been and continues to be unjustly enriched by refusing to return to the Lenders their respective funds in the settlement accounts.

75. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

MSF demands a trial by jury on all issues so triable.

Dated:  February 25, 2019                    BUSBY ZAPPALA & SANCHEZ LLP


By:_____/s/ Ralph A. Zappala_____
       RALPH A. ZAPPALA
       ERIN S. SANCHEZ
Attorneys for Plaintiff
MOUNTAIN SUMMIT FINANCIAL, INC.