Gregory J. Wood (200780)
Kristen E. Drake (202827)
WOOD ROBBINS, LLP
One Post Street, Suite 800
San Francisco, CA 94104
T: (415) 247-7900
F: (415) 247-7901
gwood@woodrobbins.com
kdrake@woodrobbins.com

Attorneys for Defendant
ZIPMARK, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTAIN SUMMIT FINANCIAL, INC., | Case No.: 3:19-cv-01036-SI |
| Plaintiff, | **DECLARATION OF KRISTEN E. DRAKE IN SUPPORT OF DEFENDANT ZIPMARK, INC.'s MOTION TO DISMISS PURSUANT TO RULE 12(i)** |
| v. | |
| PANGEA PAYMENT SOLUTIONS and ZIPMARK, INC., | |
| Defendants. | [Motion, Declaration of Jay Bhattacharya and (Proposed) Order concurrently filed] |

Hearing Date:     July 12, 2019
Hearing Time:     9:00 am
Courtroom:        1
Judge:            Hon. Susan Illston

1    I, Kristen E. Drake, hereby declare as follows:

2    1.    I am an attorney at law, duly admitted to practice before all the courts of the State of

3    California and the Northern District of California.  I am of counsel in the law firm of Wood

4    Robbins, LLP, attorneys of record herein for Defendant Zipmark, Inc. ("Zipmark").  I am familiar

5    with the aspects of this case, including all of the matters which are set forth in this Declaration.  If

6    called upon to testify at the hearing of this motion, I could and would competently testify to the

7    following based upon my own personal knowledge.

8    2.    Attached hereto as Exhibit A is a true and correct copy of Plaintiff's complaint.

9    3.    Attached hereto as Exhibit B is a true and correct copy of Zipmark's answer.

10    I declare under penalty of perjury under the laws of the United States, that the foregoing is

11    true and correct, and that this Declaration was executed on June 5, 2019, at San Francisco.

12

13    _____
     Kristen E. Drake

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KRISTEN E. DRAKE ISO ZIPMARK, INC.'s MOTION TO DISMISS
CASE NO.: 3:19-cv-01036-SI

Exhibit A

RALPH A. ZAPPALA, SBN 102052
ERIN S. SANCHEZ, SBN 238450
BUSBY ZAPPALA & SANCHEZ LLP
251 Lafayette Circle, Suite 350
Lafayette, CA 94549
Telephone: (925) 299-9600
Facsimile:     (925) 299-9608
rzappala@bzlawllp.com
esanchez@bzlawllp.com

Attorneys for Plaintiff
MOUNTAIN SUMMIT FINANCIAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTAIN SUMMIT FINANCIAL, INC.<br><br>                        Plaintiffs,<br><br>          v.<br><br>PANGEA PAYMENT SOLUTIONS and ZIPMARK, INC.<br><br>                        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mountain Summit Financial, Inc. ("MSF"), by and through counsel, states the following in support of its Complaint against Defendants Pangea Payment Solutions ("Pangea") and Zipmark, Inc. ("Zipmark"):

**PARTIES**

1.      MSF is a tribal lending entity wholly owned by the Habematolel Pomo of Upper Lake ("Tribe"), a federally-recognized sovereign Indian Nation, and created under the laws of the Tribe.  MSF's principal place of business is located on the Tribe's land located near Upper Lake, California.

2.      On information and belief, Pangea is a Canadian entity with its principal place of business in Ontario, Canada.

3.      Zipmark is a Delaware corporation with its principal place of business in New York.

## JURISDICTION

4.      This Court has diversity jurisdiction under 28 U.S.C. § 1332 because this dispute involves citizens of different states and more than $75,000 is in controversy.

## INTRADISTRICT ASSIGNMENT

5.      This action arises out of Lake County, California and is therefore properly assigned to the Eureka Division pursuant to Local Rule 3-2(f).

## FACTUAL ALLEGATIONS

6.      Pangea is a processor of automated clearing house credit and debit transactions.

7.      Zipmark provides an electronic platform for users to make payment disbursements.

8.      Golden Valley Lending, Inc. ("GVL"), Majestic Lake Financial, Inc. ("MLF"), and Silver Cloud Financial, Inc. ("SCF") are also tribal lending entities that are wholly owned by the Tribe and created under the laws of the Tribe.  GVL, MLF, and SCF's principle places of business are located on the Tribe's land located near Upper Lake, California.

9.      MSF, GVL, MLF and SCF (collectively referred to as "Lenders") contracted with Pangea and Zipmark to assist the Lenders in their short-term lending business operations.

10.      The Lenders fully complied with all material provisions of their contracts with Pangea and Zipmark.

11.      Pangea and Zipmark required the Lenders to fund a settlement account under the control of Pangea and Zipmark for use in the provision of services to the Lenders.

12.      Pangea and Zipmark required the settlement account to offset any credit or debit entries required in furtherance of the Lenders' short-term lending operations.

13.      The contracts' termination provisions specified that the settlement account would be maintained by Pangea and Zipmark after termination of the contracts for a limited period of time to offset any final credits or debits.

14.      The Lenders have not used Pangea's and Zipmark's services since June of 2016.

15.     The Lenders demanded on multiple occasions that Pangea and Zipmark return the settlement account funds to the Lenders.

16.     At the time of each demand there were no pending credits or debits that required the use of the funds in the settlement account.

17.     The Lenders provided final written notice to Pangea and Zipmark – at the latest – on or about September 21, 2018 that the Lenders had terminated its contracts with Pangea and Zipmark and again demanded return of the Lenders' funds still in the possession of Pangea and/or Zipmark.

18.     An amount not less than $107,451.68 remains in the settlement account under the control of Pangea and/or Zipmark.

19.     Zipmark acknowledged that the Lenders were entitled to a full return of the Lenders' funds still in Pangea's and/or Zipmark's possession.

20.     GVL, MLF and SCF assigned their claims against Pangea and Zipmark arising from and related to the contracts with Pangea and Zipmark to MSF.

21.     Pangea and Zipmark failed and continue to fail to return to the Lenders all funds belonging to them that are still in possession of Pangea and/or Zipmark.

**COUNT I**
**BREACH OF EXPRESS CONTRACT (PANGEA)**

22.     MSF incorporates by reference all other allegations as if fully set forth herein.

23.     Each of the Lenders entered into a written contract with Pangea.

24.     The contracts were supported by consideration in that Pangea agreed to provide services to the Lenders in exchange for the payment of fees to Pangea by the Lenders.

25.     The Lenders complied with all material provisions of the contracts including paying the requisite fees and funding the settlement accounts under the control of Pangea as required by Pangea.

26.     Pangea agreed to return the settlement account funds to the Lenders at the termination of their respective relationships.

27.     Pangea breached each of the contracts with the Lenders by failing and continuing to fail to return the funds belonging to the Lenders.

28.     As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

29.     Furthermore, the Lenders' contracts with Pangea provide for an award of attorney fees and expenses to a prevailing party in any legal action enforcing and/or interpreting the contracts.

30.     Pangea's conduct violates the contracts and has forced the Lenders to incur attorney fees and expenses through this lawsuit.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, attorney fees, and costs, and grant such further relief that the Court deems just and proper.

## COUNT II
## BREACH OF EXPRESS CONTRACT (ZIPMARK)

31.     MSF incorporates by reference all other allegations as if fully set forth herein.

32.     Each of the Lenders entered into a written contract with Zipmark.

33.     The contracts were supported by consideration in that Zipmark agreed to provide services to the Lenders in exchange for the payment of fees to Zipmark by the Lenders.

34.     The Lenders complied with all material provisions of the contracts including paying the requisite fees and funding the settlement accounts under the control of Zipmark as required by Zipmark.

35.     Zipmark agreed to return the Lenders' respective settlement account funds to the Lenders at the termination each of their relationships.

36.     Zipmark breached each of the contracts by failing and continuing to fail to return the funds belonging to the Lenders.

37. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

### COUNT III
### BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING (PANGEA)

38. MSF incorporates by reference all other allegations as if fully set forth herein.

39. Each of the Lenders entered into a written contract with Pangea.

40. The contracts were supported by consideration in that Pangea agreed to provide services to the Lenders in exchange for the payment of fees to Pangea by the Lenders.

41. The Lenders complied with all material provisions of the contracts including paying the requisite fees and funding the settlement accounts under the control of Pangea as required by Pangea.

42. The Lenders terminated the contracts with Pangea, but Pangea failed and continues to fail to return the Lenders' funds from the settlement accounts.

43. Pangea's unfair retention of the funds breached the contracts' implied covenant of good faith and fair dealing by unfairly interfering with the Lenders' rights under the contracts.

44. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

45. Furthermore, each of the Lenders' contracts with Pangea provides for an award of attorney fees and expenses to a prevailing party in any legal action enforcing and/or interpreting the contract.

46. Pangea's conduct violates the contracts and has forced the Lenders to incur attorney fees and expenses through this lawsuit.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, attorney fees, and costs, and grant such further relief that the Court deems just and proper.

## COUNT IV
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING (ZIPMARK)

47.     MSF incorporates by reference all other allegations as if fully set forth herein.

48.     Each of the Lenders entered into a written contract with Zipmark.

49.     The contracts were supported by consideration in that Zipmark agreed to provide services to the Lenders in exchange for the payment of fees to Zipmark by the Lenders.

50.     The Lenders complied with all material provisions of the contracts including paying the requisite fees and funding the settlement accounts under the control of Zipmark as required by Zipmark.

51.     The Lenders terminated the contracts with Zipmark, but Zipmark failed and continues to fail to return the Lenders' funds from the settlement accounts.

52.     Zipmark's unfair retention of the funds breached the contracts' implied covenant of good faith and fair dealing by unfairly interfering with the Lenders' rights under the contracts.

53.     As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## COUNT V
## MONEY HAD AND RECEIVED (PANGEA)

54.     MSF incorporates by reference all other allegations as if fully set forth herein.

55.     Pangea received an amount not less than $107,451.68 from or on behalf of the Lenders intended to be used for the benefit of the Lenders.

56. Pangea is not using that money for the benefit of the Lenders.

57. Pangea has not returned the money to the Lenders.

58. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## COUNT VI
## MONEY HAD AND RECEIVED (ZIPMARK)

59. MSF incorporates by reference all other allegations as if fully set forth herein.

60. Zipmark received an amount not less than $107,451.68 from or on behalf of the Lenders intended to be used for the benefit of the Lenders.

61. Zipmark is not using that money for the benefit of the Lenders.

62. Zipmark has not returned the money to the Lenders.

63. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## COUNT VII
## UNJUST ENRICHMENT (PANGEA)

64. MSF incorporates by reference all other allegations as if fully set forth herein.

65. Each of the Lenders provided a benefit to Pangea by utilizing Pangea's services, paying Pangea fees, and maintaining the settlement accounts with Pangea.

66. The Lenders ceased utilizing Pangea's services and notified Pangea that the Lenders would no longer be utilizing Pangea's services.

67. Pangea unjustly retained and continues to unjustly retain the Lenders' funds in the settlement account.

68. Pangea has been and continues to be unjustly enriched by refusing to return to the Lenders their respective funds in the settlement accounts.

69. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## COUNT VIII
## UNJUST ENRICHMENT (ZIPMARK)

70. MSF incorporates by reference all other allegations as if fully set forth herein.

71. The Lenders provided a benefit to Zipmark by utilizing Zipmark's services, paying Zipmark's fees, and maintaining the settlement accounts with Zipmark.

72. The Lenders ceased utilizing Zipmark's services and notified Zipmark that the Lenders would no longer be utilizing Zipmark's services.

73. Zipmark unjustly retained and continues to unjustly retain the Lenders' funds in the settlement accounts.

74. Zipmark has been and continues to be unjustly enriched by refusing to return to the Lenders their respective funds in the settlement accounts.

75. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $107,451.68 remaining in the settlement accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

MSF demands a trial by jury on all issues so triable.

Dated: February 25, 2019

BUSBY ZAPPALA & SANCHEZ LLP


By:_____/s/ Ralph A. Zappala_____
        RALPH A. ZAPPALA
        ERIN S. SANCHEZ
Attorneys for Plaintiff
MOUNTAIN SUMMIT FINANCIAL, INC.

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1   U.S. Government Plaintiff

2   U.S. Government Defendant

3   Federal Question
*(U.S. Government Not a Party)*

4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | | 710 Fair Labor Standards Act | 820 Copyrights | 430 Banks and Banking |
| | 340 Marine | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 450 Commerce |
| 151 Medicare Act | 345 Marine Product Liability | | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 460 Deportation |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 350 Motor Vehicle | **PERSONAL PROPERTY** | 751 Family and Medical Leave Act | 840 Trademark | 470 Racketeer Influenced & Corrupt Organizations |
| | 355 Motor Vehicle Product Liability | 370 Other Fraud | | | 480 Consumer Credit |
| 153 Recovery of Overpayment | | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| of Veteran's Benefits | 360 Other Personal Injury | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | 362 Personal Injury -Medical Malpractice | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 890 Other Statutory Actions |
| 190 Other Contract | | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 893 Environmental Matters |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 896 Arbitration |
| **REAL PROPERTY** | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 210 Land Condemnation | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | |
| 220 Foreclosure | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 950 Constitutionality of State Statutes |
| 230 Rent Lease & Ejectment | | **OTHER** | | | |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | 540 Mandamus & Other | | | |
| 245 Tort Product Liability | 448 Education | 550 Civil Rights | | | |
| 290 All Other Real Property | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

1   Original Proceeding

2   Removed from State Court

3   Remanded from Appellate Court

4   Reinstated or Reopened

5   Transferred from Another District *(specify)*

6   Multidistrict Litigation–Transfer

8   Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, Fed. R. Civ. P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**        Yes        No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

**(Place an "X" in One Box Only)**        **SAN FRANCISCO/OAKLAND**        **SAN JOSE**        **EUREKA-MCKINLEYVILLE**

**DATE**

**SIGNATURE OF ATTORNEY OF RECORD**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

**II. Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

 (1) <u>United States plaintiff</u>. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

 (2) <u>United States defendant</u>. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

 (3) <u>Federal question</u>. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

 (4) <u>Diversity of citizenship</u>. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III. Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.

 (1) <u>Original Proceedings</u>. Cases originating in the United States district courts.

 (2) <u>Removed from State Court</u>. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

 (3) <u>Remanded from Appellate Court</u>. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

 (4) <u>Reinstated or Reopened</u>. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

 (5) <u>Transferred from Another District</u>. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

 (6) <u>Multidistrict Litigation Transfer</u>. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

 (8) <u>Multidistrict Litigation Direct File</u>. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

 <u>Please note that there is no Origin Code 7</u>. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** <u>Class Action</u>. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

 <u>Demand</u>. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

 <u>Jury Demand</u>. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**IX. Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Exhibit B

WOOD ROBBINS, LLP
Gregory J. Wood (200780)
gwood@woodrobbins.com
Alexandra Arneri (265156)
aarneri@woodrobbins.com
One Post Street, Suite 800
San Francisco, CA 94104
T: (415) 247-7900
F: (415) 247-7901

Attorneys for Defendant
ZIPMARK, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTAIN SUMMIT FINANCIAL, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>PANGEA PAYMENT SOLUTIONS and ZIPMARK, INC.,<br><br>            Defendants. | Case No.: 3:19-cv-01036-SI<br><br>**DEFENDANT ZIPMARK, INC.'s ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant ZipMark, Inc. ("Zipmark") responds to Plaintiff's Complaint (the "Complaint") as follows:

1.      Zipmark does not have sufficient information to form a belief as to the allegations in paragraphs 1 and 2 of the Complaint and thus does not admit nor deny the allegations therein.

2.      Zipmark admits the allegations in paragraph 3.

3.      Paragraph 4 contains conclusions of law that Zipmark need not answer. Should this Court require Zipmark to answer, Zipmark denies the allegations therein, including for insufficient information sufficient to form a belief as to the citizenship of all parties, the amount in dispute being over $75,000.

4.      Paragraph 5 contains conclusions of law that Zipmark need not answer.

5.      Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 6 of the Complaint and thus does not admit nor deny the allegations therein.

6.      Zipmark admits the allegations in paragraph 7 of the Complaint.

7.      Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 8 of the Complaint and thus does not admit nor deny the allegations therein.

8.      Zipmark admits the allegations in paragraph 9 of the Complaint to the extent they allege Zipmark enters into contract with the Lenders (as defined in paragraph 9 of the Complaint) and does not have sufficient information to form a belief as to the remaining allegations in paragraph 9 of the Complaint and thus does not admit nor deny the remaining allegations therein.

9.      Zipmark denies the allegations in paragraph 10 of the Complaint.

10.     Zipmark admits the allegations in paragraph 11 and 12 of the Complaint.

11.     Zipmark denies the allegations in paragraph 13 of the Complaint.

12.     Zipmark admits the allegations in paragraph 14 through 17 of the Complaint.

13.     Zipmark denies the allegations in paragraph 18 of the Complaint, to the extent they relate to Pangea and the amount held.

14.     Zipmark admits the allegations in paragraph 19 of the Complaint in part, disputing any allegations respecting Pangea as Zipmark has insufficient knowledge and any allegations that imply any amount owed is as alleged in other paragraphs in the Complaint by Plaintiff.

2

15.     Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 20 of the Complaint and thus does not admit nor deny the allegations therein.

16.     Zipmark admits the allegations in paragraph 21 of the Complaint in part, disputing any allegations respecting Pangea as Zipmark has insufficient knowledge and any allegations that imply any amount owed is as alleged in other paragraphs in the Complaint by Plaintiff or any intent on the part of Zipmark to deny owed funds.

17.     Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 23 through 30.

18.     Zipmark admits the allegations in paragraph 32 and 33 of the Complaint.

19.     Zipmark denies the allegations in paragraph 34 of the Complaint.

20.     Zipmark admits the allegations in paragraph 35 of the Complaint in part and to the extent that Zipmark agreed to return any funds owing to the Lenders at the termination of their relationship and denies the remainder of the allegations.

21.     Zipmark admits the allegations in paragraph 36 of the Complaint in part and denies the remainder of the allegations to the extent they allege any intention on the part of Zipmark to deny any owed funds to the Lenders.

22.     Zipmark admits the allegations in paragraph 37 of the Complaint in part and denies the allegation of the amount owed. Plaintiff's allegation as to "additional damages" are conclusions of law which Zipmark need not answer, however to the extent the Court requires Zipmark to answer, Zipmark denies these allegations for lack of sufficient knowledge to form a belief as to the allegations.

23.     Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 39 through 43 of the Complaint and thus does not admit nor deny the allegations therein.

24.     Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 44 of the Complaint and thus does not admit nor deny the allegations therein; except that Zipmark denies the amount alleged to be remaining the in the alleged settlement accounts. Plaintiff's allegation as to "additional damages" are conclusions of law which Zipmark need not answer, however to the extent the Court requires Zipmark to answer, Zipmark denies these

allegations for lack of sufficient knowledge to form a belief as to the allegations.

25.     Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 45 and 46 of the Complaint and thus does not admit nor deny the allegations therein.

26.     Zipmark admits the allegations in paragraph 48 and 49.

27.     Zipmark denies the allegations in paragraph 50.

28.     Zipmark admits the allegations in paragraph 51 of the Complaint in part and denies the remainder of the allegations to the extent they allege any intention on the part of Zipmark to deny any owed funds to the Lenders.

29.     Paragraph 52 contains conclusions of law that Zipmark need not answer. Should this Court require Zipmark to answer, Zipmark denies the allegations therein.

30.     Zipmark denies the allegations in paragraph 53 to the extent they allege the amount remaining in the alleged settlement accounts, to the extent they allege any intention on the part of Zipmark to retain any funds owing to the Lenders and to the extent Paragraph 53 contains conclusions of law respecting Plaintiff's "additional damages" that Zipmark need not answer. Should this Court require Zipmark to answer, Zipmark denies the allegations therein.

31.     Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 55 through 57 of the Complaint and thus does not admit nor deny the allegations therein.

32.     Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 58 of the Complaint and thus does not admit nor deny the allegations therein; except Zipmark denies the allegation as to the amount remaining in the alleged settlement accounts. To the extent Paragraph 58 contains conclusions of law respecting Plaintiff's "additional damages" that Zipmark need not answer. Should this Court require Zipmark to answer, Zipmark denies the allegations therein.

33.     Zipmark admits in part and denies in part the allegations in paragraph 60 of the Complaint. Zipmark denies the allegation as to the amount Zipmark received and denies the allegation that the any such amount was for the benefit of Lenders only outside of the Lenders' contractual obligations to Zipmark.

34.     To the extent that Plaintiff's allegations respecting the ambiguous term "that money"

4

is understandable and refers to any remaining funds in any settlement accounts controlled by Zipmark, Zipmark admits the allegations in paragraph 61 and 62 of the Complaint.

35. Zipmark denies the allegation in paragraph 63 of the Complaint as to the amount remaining in the alleged settlement accounts. To the extent Paragraph 63 contains conclusions of law respecting Plaintiff's "additional damages"; Zipmark need not answer. Should this Court require Zipmark to answer, Zipmark denies the allegations therein.

36. Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 65 through 68 of the Complaint and thus does not admit nor deny the allegations therein.

37. Zipmark does not have sufficient information to form a belief as to the allegations in paragraph 69 of the Complaint and thus does not admit nor deny the allegations therein; except that Zipmark denies the allegations respecting the amount remaining in the alleged settlement accounts and the conclusions of law respecting "additional damages" therein.

38. Zipmark admits the allegations in paragraph 71 in part and denies in part to the extent it alleges that the Lenders did not also receive a benefit from using Zipmark's services.

39. Zipmark admits the allegations in paragraph 72.

40. Paragraph 73 contains conclusions of law that Zipmark need not answer. Should this Court require Zipmark to answer, Zipmark denies the allegations therein, except to the extent that the allegations allege that there are some funds remaining in the alleged settlement accounts.

41. Paragraph 74 contains conclusions of law that Zipmark need not answer. Should this Court require Zipmark to answer, Zipmark denies the allegations therein.

42. Paragraph 75 contains conclusions of law that Zipmark need not answer. Should this Court require Zipmark to answer, Zipmark denies the allegations therein, except Zipmark admits some funds are remaining in the alleged settlement accounts but denies the alleged amount and denies any intent on the part of Zipmark in retaining these funds.

//

//

//

//

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

Zipmark and Plaintiff entered into a contract which states under its section XV that the parties are to exclusively arbitrate any dispute related to Plaintiff's use of the Zipmark's services and their relationship to arbitration under the auspices of the American Arbitration Association in New York, New York. Unless an immediate settlement can be reached, Zipmark will file a motion to compel arbitration in the Southern District of New York.

## SECOND AFFIRMATIVE DEFENCE

### (Assumption of Risk)

The contract entered into between Plaintiff and Zipmark under its section XIII provides that Zipmark shall have no liability with respect to disputes between parties using Zipmark, such as this dispute between the Lenders and Pangea.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

The Complaint, and each purported cause of action therein against Zipmark is barred because the contract entered into between Plaintiff and Zipmark under its section XIII provides that Zipmark shall have no liability with respect to disputes by the Parties. Additionally, Zipmark has been making consistent payments to Plaintiff and Plaintiff has accepted these payments.

## FOURTH AFFIRMATIVE DEFENSE

### (Privilege)

The Complaint, and each purported cause of action therein against Zipmark is barred because Zipmark's acts were privileged under the applicable law of the State of New York and by virtue of all parties' mutual understandings.

## FIFTH AFFIRMATIVE DEFENSE

### (Breach of contract)

Plaintiff materially breached its contract with Zipmark by filing this action in breach of the contract's express arbitration clause to be held in New York, New York.

## SIXTH AFFIRMATIVE DEFENSE

### (Improper Venue)

The proper venue for this matter is the Southern District of New York where the Defendant has its principal place of business and where the parties expressly agreed to consent to jurisdiction and venue and arbitrate their claims in that district.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

The parties have agreed to arbitrate this matter and the court does not have subject matter jurisdiction. Moreover, the amount at issue is less than the $75,000 minimum needed for diversity jurisdiction, including because Plaintiff agreed to limitations of damages clauses in the contract with Zipmark which are far less than $75,000.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint and each purported cause of action against Zipmark therein is barred in whole or in part by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The Plaintiff would be unjustly enriched if it recovered any of the damages alleged from Zipmark.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred by the doctrine of estoppel to the extent that Zipmark detrimentally relied on Plaintiff's representations, actions and failures to act, including but not limited to making continued payments to Plaintiff.

## ELEVENTH CAUSE OF ACTION

### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

/ /

7

1

**PRAYER**

2       WHEREFORE, Defendant prays for judgment in her favor and against Plaintiff as follows:

3       1.     That Plaintiff's claims, and each of them, be dismissed and a judgment be entered in

4 favor of Defendant;

5       2.     That Plaintiff take nothing by way of its Complaint;

6       3.     For all costs of suit herein;

7       4.     For such other and further relief as the Court may deem just and proper.

8

9 Dated: April 4, 2019                 WOOD ROBBINS, LLP

10

11                     By: */s/ Gregory J. Wood*

12                       Gregory J. Wood

13                       Attorneys for Defendant ZIPMARK, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ZIPMARK, INC.'s ANSWER
CASE NO.: 3:19-cv-01036-SI